

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-4011
Re: Voluntary assignment or trans-
fer of property for the pur-
pose of qualifying for public
assistance.

Your letter of September 13th requests the opin-
ion of this department on the question whether, under House
Bill No. 611, Forty-seventh Legislature, Regular Session,
your department has the power or the duty to deny public
assistance to any person otherwise eligible who voluntar-
ily transfers or assigns his property or resources for the
purpose of qualifying for public assistance.

Section 12 of House Bill 611 provides:

"Assistance shall be given under the pro-
visions of this Act to any needy blind person
who:

"(1) Is over the age of twenty-one (21)
years; and

"(2) Whose vision, with correctional glasses,
is insufficient for use in an occupation for
which sight is essential; and

"(3) Who has resided in this State for five
(5) years during the nine (9) years immediately
preceding the date of application, and who has
resided in this State continuously for one (1)
year immediately preceding the date of applica-
tion; and

"(4) Is not at the time of receiving such
aid an inmate of any public institution; and

Honorable J. S. Murchison, Page 2

"(5) Who is not publicly soliciting alms in any part of this State. The term 'Publicly soliciting ' shall be construed to mean the wearing, carrying, or exhibiting the signs denoting blindness, or the carrying of receptacles for the reception of alms, or the doing of the same by proxy, or be begging from house to house or on any public street, road, or thoroughfare within the State; and

"(6) Who has not sufficient income or other resources to provide a reasonable subsistence compatible with decency and health; and

"(7) Who is a citizen of the United States."

Section 17 of House Bill 611 provides:

"Aid to dependent children shall be given under the provisions of this Act with respect to any dependent child. 'Dependent Child' is any individual:

"(1) Who is a citizen of the United States; and

"(2) Who has resided in this State for a period of at least one (1) year immediately preceding the date of the application for assistance; or was born within the State one (1) year immediately preceding the date of application, and whose mother has resided in the State for a period of at least one (1) year immediately preceding the birth of such child; and

"(3) Who is under the age of fourteen (14) years; and

"(4) Who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent; and

"(5) Who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, or aunt, in a place of residence maintained by one or more of such relatives as his or their own homes; and

"(6) Who has not sufficient income or other resources to provide a reasonable subsistence compatible with decency and health."

Section 20 of House Bill 611 provides:

"Old Age Assistance shall be given under the provisions of this Act to any needy person:

"(1) Who has attained the age of sixty-five (65) years; and

"(2) Who is a citizen of the United States; and

"(3) Who has resided in the State of Texas for five (5) years or more within the last nine (9) years preceding the date of his application for assistance and has resided in the State of Texas continuously for one (1) year immediately preceding the application; and

"(4) Who is not at the time of receiving assistance an inmate of a public institution; and

"(5) Who has not sufficient income or other resources to provide a reasonable subsistence compatible with health and decency. Provided that in consideration of income and resources actually available to applicant the State Agency shall not evaluate income and resources which may be available only to relatives of applicant. Income and resources to be taken into consideration shall be known to exist and shall be available to the applicant. An applicant for old age assistance shall not be denied assistance because of the existence of a child or other relative, except husband or wife, who is able to contribute

to the applicant's support, and no inquiry shall be made into the financial ability of said child or other relative, except husband or wife, in determining applicant's eligibility. The applicant's child or other relative, except husband or wife, is to be treated by the State Department in the same way as any person not related to the applicant; any aid or contributions to the applicant from such child or other relative, except husband or wife, must actually exist in fact, or with reasonable certainty, be available in the future to constitute a resource to the applicant.

"(6) An applicant for old age assistance shall not be denied assistance because of the ownership of a resident homestead, as the term 'resident homestead' is defined in the Constitution and Laws of the State of Texas."

Section 54 of House Bill 611 provides:

"Whoever obtains, or attempts to obtain, or aids or abets any person to obtain, by means of a wilfully false statement or representation or by impersonation, or by other fraudulent means:

"(1) Assistance, services, or treatment to which he is not entitled;

"(2) Assistance, services, or treatment greater than that to which he is justly entitled;

"(3) Or, with intent to defraud, aids or abets, in buying, or in any way disposing of the property of a recipient of assistance without the consent of the State Department, or whoever violates Section 32 or Section 33 of this Act, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined any sum not more than One Hundred Dollars ($100) or be imprisoned for not less than six (6) months, nor more than two (2) years, or be both so fined and imprisoned."

Prior to the passage of House Bill 611, House Bill 26, Section 2 (e), Forty-fourth Legislature, Second Called Session, and House Bill No. 8, Article 2, Section 2(e), Forty-fourth Legislature, Third Called Session, specifically provided:

"The commission may grant financial aid to any needy person who:

"(e) Has not made a voluntary assignment or transfer of property for the purpose of qualifying for such aid."

House Bill 611 specifically repeals Article 2, House Bill 8, and House Bill 26. Article 611 contains no provision similar to that above quoted in House Bill 8 and House Bill 26.

The provisions of House Bill 611 prescribe the conditions under which aid shall be granted to the needy blind, dependent children, and the aged. There is no provision authorizing the Board to deny such assistance to any person who has made a voluntary transfer of his property for the purpose of qualifying for such assistance. It follows that the Board is not empowered to deny assistance on that ground.

This conclusion is fortified by the fact that House Bill 26 and House Bill 8 specifically made such conduct a ground for refusing aid, while such provision is omitted in House Bill 611. This omission, in the absence of anything reflecting a contrary intention on the part of the Legislature, must be deemed to indicate a legislative purpose to deny to the Board the authority to refuse aid on such ground.

Of course the above remarks have reference only to a bona fide transfer of property. Whether a transfer by an applicant for assistance of property is bona fide depends on the facts of the particular case and the intention of the parties to the transfer. If the transfer is fictitious, for the purpose of concealing the applicant's property, then, of course, the property will be treated

Honorable J. S. Murchison, Page 6

by the Board as the applicant's property in determining his eligibility for aid.  And if the person applying for aid misrepresents the facts with respect to his ownership of the property covered by the fictitious transfer, he and the persons aiding and abetting him in the fictitious transfer will be punishable under the provisions of Section 34 of this Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

APPROVED OCT 27, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

RWF:LM

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN